UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR., <br><br>                            Plaintiff, <br><br> -against- <br><br> GRAND GREENE LLC and FJÄLLRÄVEN USA LLC, <br><br>                            Defendants. | Case No. 1:24-cv-2500 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

King Range, Jr. ("Range" or "Plaintiff"), who uses a wheelchair, brings this action alleging that he was denied access to a public accommodation — Fjällräven USA, LLC's ("Fjällräven USA") retail clothing store in the SoHo neighborhood of Manhattan, New York. Plaintiff asserts claims for violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, and state law. *See* Dkt. 28 ("Am. Compl." or "FAC"). Defendant Grand Greene LLC ("Grand Greene") now moves, pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(c), for a motion to dismiss for lack of subject matter jurisdiction and a motion for judgment on the pleadings, respectively. For the reasons set forth below, Grand Greene's motion is DENIED.

### BACKGROUND

**I.   Factual Background[1]**

The following facts are drawn from Range's Amended Complaint and accepted as true for purposes of the motion. Range is a resident of New York City. FAC ¶ 7. Range is a

---

[1] In addition to the Amended Complaint — which contains factual allegations that the Court assumes to be true, *see N.Y. Life Ins. Co. v. United States*, 724 F.3d 256, 261 (2d Cir. 2013) — the Court considers "any written instrument attached to the complaint as an exhibit or

wheelchair user who "suffers from medical conditions that inhibit walking and restrict body motion range and movement." FAC ¶ 8.

Defendant Grand Greene owns the building and real property located at 38 Greene Street, New York, New York. FAC ¶ 9. Defendant Fjällräven USA operates a retail clothing store, Fjällräven, at 38 Greene Street. FAC ¶ 10. Fjällräven USA leases the retail premises from Grand Greene. FAC ¶¶ 12-13.

Range "enjoys clothing and fashion generally and likes discovering new styles, designers and brands." FAC ¶ 51. To that end, Range enjoys visiting SoHo, FAC ¶ 55, and "goes to SoHo to enjoy the neighborhood and shop six or more times a year," FAC ¶ 56. With respect to the Fjällräven store in particular, Range alleges that he has "attempted and desired to access the Fjällräven premises multiple times in the last few years, including during June 2022, July 2022, October 2023, and March 2024." FAC ¶ 22. But Range "could not do so as architectural barriers — *i.e.*, steps — [Grand Greene] maintain[s] at the public entrances denied him the opportunity to enter." FAC ¶ 23. The steps at Fjällräven's public entrances have therefore "deterred [Range] from visiting the store." FAC ¶ 24. In total, Range identifies up to twenty-eight "[b]arriers to access" that he "encountered and/or which deter[red] [Range] from patronizing the Fjällräven premises," as well as "architectural barriers." FAC ¶ 28. These include the lack of an accessible route from the public street and sidewalk to either of Fjällräven's public entrances or to the emergency exit at the back of the store; the lack of signage

---

incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint," *id.* at 258 n.1 (quoting *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005)). Moreover, because Grand Greene has moved to dismiss for lack of subject matter jurisdiction, the Court also considers materials outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

identifying an accessible entrance; and the lack of handrails alongside the stairs, among other things.  See FAC ¶ 28(I)-(XXVIII).

Range's interest in Fjällräven stems from viewing "Fjällräven clothing online and on display in the Fjällräven premises' display windows."  FAC ¶ 52.  Range "likes Fjällräven's clothing and style."  FAC ¶ 52.  Although Fjällräven has a website, Range alleges that the online shopping experience is inferior to shopping in store because it "denies [Range] the ability to see, feel, and try on an item before purchase."  FAC ¶ 53.  Moreover, Fjällräven's website specifically invites users to visit the SoHo location for a "premium shopping experience," including a "curated selection of high-quality outdoor gear and apparel."  FAC ¶ 39.  According to Range, "[t]he inferior online clothes shopping experience, combined with the invitation on the Fjällräven website to visit the Fjällräven premises to 'discover . . . its stylish clothing' has compounded Plaintiff's intent to visit the Fjällräven premises."  FAC ¶ 54 (alterations adopted).  Range further alleges that Fjällräven USA "showcases the products it sells at the Fjällräven premises in multiple brightly light [sic] display windows," FAC ¶ 45, and that he is "among the passersby whose interest in visiting the Fjällräven premises was piqued by the products showcased in the window displays," FAC ¶ 50.

Range states that his "desire to visit the Fjällräven premises continues because he remains attracted to the clothing he saw in its display windows," FAC ¶ 60, and because "he likes the Fjällräven clothing he has seen online," FAC ¶ 61.  Specifically, Range alleges that he "intends to patronize the Fjällräven premises one or more times a year after it becomes fully accessible and compliant with the 1991 [Federal ADA] Standards or the 2010 [Federal ADA] Standards, and the Administrative Code [of the City of New York]."  FAC ¶ 67.

Range alleges that Grand Greene has violated the ADA, NYSHRL, NYCHRL, and NYSCRL. FAC ¶¶ 69-123. He seeks, among other things, damages, monetary penalties, attorney's fees, costs, and declaratory and injunctive relief. FAC at 26-27.

## II. Procedural History

Range initiated this action on April 2, 2024 against Grand Greene and Fjällräven USA. Dkt. 1. On September 19, 2024, Fjällräven USA moved to dismiss the case for a lack of subject matter jurisdiction. Dkt. 25. In response, on October 9, 2024, Range filed an Amended Complaint. *See* FAC. On November 4, 2024, Grand Greene filed an answer to the Amended Complaint and asserted crossclaims against Fjällräven USA. Dkt. 38. On November 26, 2024, pursuant to Rule 41(a)(1)(A)(i), Range voluntarily dismissed, without prejudice, Fjällräven USA. Dkts. 42, 43. In a December 16, 2024 Order, the Court clarified that it retained jurisdiction over the crossclaims asserted by Grand Greene against Fjällräven USA, and that Fjällräven USA therefore remained a party in the action with respect to Grand Greene's crossclaims. *See* Dkt. 45 at 1-2.

On January 15, 2025, Grand Greene filed a motion to dismiss for lack of subject matter jurisdiction and a motion for judgment on the pleadings. Dkt. 48 ("Mot."). On February 12, 2025, Range filed his opposition, Dkt. 52 ("Opp."), and on February 19, 2025, Grand Greene filed its reply, Dkt. 53 ("Reply").

## LEGAL STANDARD

"An objection to standing is properly made on a Rule 12(b)(1) motion." *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002). "[A] motion to dismiss for . . . one of the . . . non-waivable defenses under Rule 12(h)[] that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemp. Classics of Beverly Hills*, 259

F.3d 123, 126 (2d Cir. 2001) (footnote omitted). "The standards to be applied for a motion for judgment on the pleadings pursuant to Rule 12(c) are the same as those applied to a motion to dismiss pursuant to Rule 12(b)." *Est. of Smith v. Cash Money Recs., Inc.*, No. 14-cv-02703 (WHP), 2018 WL 2224993, at *2 (S.D.N.Y. May 15, 2018) (quoting *SEC v. Rorech*, 673 F. Supp. 2d 217, 220 (S.D.N.Y. 2009)). Therefore, to resolve a motion for judgment on the pleadings based on lack of subject matter jurisdiction, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

"Pursuant to Rule 12(b)(1), the Court must dismiss a case for lack of subject matter jurisdiction if the Court 'lacks the statutory or constitutional power to adjudicate it.'" *Weekes v. Outdoor Gear Exch., Inc.*, No. 22-cv-01283 (ER), 2023 WL 2368989, at *2 (S.D.N.Y. Mar. 6, 2023) (quoting *Makarova*, 201 F.3d at 113). "'[T]he party invoking federal jurisdiction bears the burden of establishing the elements' of Article III standing." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)). Thus, to survive a Rule 12(b)(1) motion to dismiss, the plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

## DISCUSSION

Grand Greene moves for judgment on the pleadings on the ground that Range does not have Article III standing to prosecute his ADA claim. *See generally* Mot. For the reasons set forth below, the Court disagrees.

### I. Plaintiff Has Established Standing

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting U.S. Const. art. III, § 2). "For there to be a case or controversy under Article III, the plaintiff must have a '"personal stake"' in the case — in other words, standing." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, "[a] plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a similar way.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

Under Title III of the ADA, a "private individual may only obtain injunctive relief"; a Title III plaintiff "cannot recover damages." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). To bring a claim under the ADA for injunctive relief, a plaintiff has alleged an injury in fact if "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home,

6

that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)). "These considerations may assist courts in determining whether an alleged prospective injury is sufficiently 'concrete and particularized,'" *id.* (quoting *Lujan*, 504 U.S. at 560), and the third factor in particular "ensure[s] that 'the risk of harm is sufficiently imminent and substantial' to establish standing," *id.* at 75 (quoting *TransUnion*, 141 S. Ct. at 2210).

Grand Greene rests its motion on the third requirement — Range's intent to return to the Fjällräven store. For completeness, the Court considers all three requirements for ADA standing.

### A. Past Injury

Grand Greene does not dispute that Range has adequately pleaded a past injury. The past injury requirement "sets a 'low threshold,' that can be satisfied by a showing that a plaintiff was deterred from an action by a defendant's conduct." *Thorne v. Cap. Music Gear LLC*, No. 23-cv-00776 (LGS), 2024 WL 1604273, at *3 (S.D.N.Y. Apr. 12, 2024) (quoting *Sonterra Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 534 (2d Cir. 2020)); *see also Kreisler*, 731 F.3d at 188 (holding that deterrence constitutes an injury under the ADA). Range has satisfied that standard here: Range sufficiently alleges that he was denied full and equal access to the property due to structural barriers, principally, due to the steps at Fjällräven's public entrances. FAC ¶¶ 22-24. *See Gannon v. 31 Essex St. LLC*, No. 22-cv-01134 (ER), 2023 WL 199287, at *3 (S.D.N.Y. Jan. 17, 2023) (holding that plaintiff sufficiently established past injury under the ADA "by asserting that he was denied full and equal access to the property when he was unable to enter the [premises] as a result of structural barriers").

Moreover, the Second Circuit has held that "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA

7

challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Kreisler*, 731 F.3d at 188 (citing *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 950-91 (9th Cir. 2011) (en banc); *Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000)); *see Kreisler*, 731 F.3d at 188 ("[B]ecause Kreisler has standing to pursue injunctive relief as to the Diner's entrance, he has standing to seek removal of all barriers inside the Diner related to his disability that he would likely encounter were he able to access the Diner."); *see also Antolini v. Thurman*, No. 19-cv-09674 (JMF) (KNF), 2020 WL 6048784, at *2 (S.D.N.Y. Oct. 13, 2020). "This rule comports with and furthers the purpose of the ADA, which [the Second Circuit] ha[s] previously explained is 'not subject to any of the prudential limitations that apply in other contexts . . . and generously confers the right to be free from disability-based discrimination.'" *Kreisler*, 731 F.3d at 188 (alterations adopted) (quoting *Fulton v. Goord*, 591 F.3d 37, 42 (2d Cir. 2009)). Because Range has adequately pleaded that he was deterred from entering Fjällräven's premises by the steps at the public entrances, Range has standing to challenge each of the twenty-eight barriers set forth in his Amended Complaint. *See* FAC ¶ 28.

### B. Continuation of Discriminatory Treatment

Likewise, Grand Greene does not dispute, and this Court finds, that Range also satisfied the second prong of ADA standing — the continuation of discriminatory treatment — as Grand Greene has not yet remediated the accessibility barriers. *See* FAC ¶ 68 ("[D]efendants . . . created, maintain, and have failed to remove architectural barriers to wheelchair access at the Fjällräven premises."); *see also Rouse v. Broadway & Cooper LLC*, 753 F. Supp. 3d 153, 165 (E.D.N.Y. 2024) ("[I]t is also reasonable to infer the discriminatory treatment will continue without court intervention because the barriers were architectural in nature." (citation and quotation marks omitted)).

### C. Intent to Return

Grand Greene's motion for judgment on the pleadings turns on the third and last element of ADA standing, that is, whether Range has adequately pleaded an intent to return to Fjällräven's SoHo store. To establish an intent to return, a plaintiff cannot merely "plead[] the magic words that [she] intends to return," but rather, must plausibly allege "a real and immediate threat of future injury" under the "totality of all relevant facts." *Calcano*, 36 F.4th at 75 (citation and quotation marks omitted). "As courts in this Circuit have acknowledged, 'the Second Circuit's recent *Calcano* decision "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases."'" *Abadi v. Greyhound Lines, Inc.*, No. 23-cv-07645 (JLR), 2024 WL 5155601, at *6 (S.D.N.Y. Dec. 18, 2024) (quoting *Loadholt v. Dungarees, Inc.*, No. 22-cv-04699 (VEC), 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023)). "Courts will 'not credit a legal conclusion couched as a factual allegation or a naked assertion devoid of further factual enhancement.'" *Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21-cv-09862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (quoting *Calcano*, 36 F.4th at 75). Therefore, the plaintiff "must allege specific and non-conclusory facts from which the Court can infer an intent to return, such as the dates on which she attempted to access the location . . . and the reasons why she intends to return." *Fernandez v. Katie May, LLC*, No. 24-cv-01592 (VEC), 2025 WL 872114, at *1 (S.D.N.Y. Mar. 20, 2025) (citing *Calcano*, 36 F.4th at 77). As set forth in greater detail below, the Court finds Range has done so here.

As an initial matter, to the extent Grand Greene alleges that geographic "proximity" to the premises is a "threshold" consideration that Range does not meet, *see* Reply at 1-2, Grand Greene misconstrues the relevant legal standard. Under *Calcano*, the frequency of past visits and proximity are not so much "requirements" for establishing standing as they are relevant

9

considerations, among others, in the intent-to-return analysis. That analysis is ultimately "context- specific" and considers the "totality of all relevant facts." *Calcano*, 36 F.4th at 75; *see also Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15-cv-05432 (NSR), 2016 WL 6901314, at *5 (S.D.N.Y. Nov. 18, 2016) ("Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors," including "the frequency of the plaintiff's past visits," "the proximity of the defendant's services, programs, or activities to the plaintiff's home," and "any other factor 'relevant to the calculation' including the plaintiff's 'occupation or demonstrated travel habits.'" (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 58-59 (2d Cir. 2015) (summary order))). The Court is aware that other courts have deemed generalized allegations that both "[the plaintiff] and the [p]remises are located in New York County," without additional detail regarding the "Plaintiff's proximity to the [p]remises," insufficient to establish an intent to return. *Gannon v. JBJ Holdings LLC*, No. 22-cv-01674 (LJL), 2022 WL 6698222, at *3 (S.D.N.Y. Oct. 11, 2022) (citation omitted); *see also Hennessy ex rel. Hennessy v. Poetica Coffee, Inc.*, No. 21-cv-05063 (KAM) (RML), 2022 WL 4095557, at *3 (E.D.N.Y. Sept. 7, 2022) ("Plaintiff's bare allegation that he resides in 'Kings County' is insufficient to support a plausible inference that Plaintiff would return to Defendants' business on Atlantic Avenue in Boerum Hill 'several times a year after it becomes fully accessible.'"). But Range does not rely merely on proximity; nor, as Grand Greene contends, does Range rely on the "frequency of past visits alone." Reply at 2.

Rather, the "totality of all relevant facts" here shows an intent to return to the Fjällräven premises. *Calcano*, 36 F.4th at 75. Range, a resident of New York City, alleges that he likes clothing and fashion generally; that he visits SoHo at least six times a year to shop; that he has attempted to enter Fjällräven four times in the past (and provides specific dates); and that, based

on what he has seen in Fjällräven's display windows and on its website, he is specifically interested in Fjällräven's clothing and style. FAC ¶¶ 7, 51-63. Further, Range "intends to patronize the Fjällräven premises one or more times a year after it becomes fully accessible." *Id.* ¶ 67. The totality of the facts are sufficient to "nudge [Range's] claims 'across the line from conceivable to plausible.'" *Calcano*, 36 F.4th at 76 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)); *see also Wahab v. White's Boots, Inc.*, No. 23-cv-09018 (JHR) (GS), 2024 WL 3909083, at *12 (S.D.N.Y. Aug. 16, 2024) ("A plaintiff can satisfy the intent-to-return requirement with non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services . . . [,] that the plaintiff intends to return . . . ." (citation and quotation marks omitted)). Indeed, the allegations here, including allegations of a long-standing interest in fashion and clothing and Fjällräven's style in particular; of annual visits to the SoHo neighborhood; and of repeat attempted visits in the past to the Fjällräven store, are akin to those deemed sufficient in Grand Greene's cited authorities. *See, e.g.*, *Walters v. Fischer Skis U.S., LLC*, No. 21-cv-01115, 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022) (finding intent to return sufficiently pleaded given plaintiff's "history as a skier and his interest in the sport," and allegations that plaintiff "would like to, and intends to, attempt to access the [website] in the future to research and potentially purchase products and explore the services offered" (alteration adopted)); *Chalas v. Barlean's Organic Oils, LLC*, No. 22-cv-04178 (CM), 2022 WL 17156838, at *1, 3 (S.D.N.Y. Nov. 22, 2022) (finding intent to return where plaintiff pleaded facts "to show why she wanted to — and continues [to] wish to — buy from [d]efendant's website in particular," including promotional language on the defendant's website regarding its products); *cf. Gannon*, 2022 WL 6698222, at *3 (no standing where the plaintiff did not "allege the

11

frequency with which he has visited the [p]remises in the past," or "what is distinctive about [d]efendants' . . . shop").

Grand Greene's assertion that Range "doesn't explain *why* he desires to return to this particular clothing store," *see* Mot. at 7, is thus belied by the pleadings, which plausibly assert that Range's interest in Fjällräven stems from perusing the company's website (which touts its SoHo brick-and-mortar shop) and viewing the store's display windows. Grand Greene's contention that references to Fjällräven's website language and display windows are inadequate to establish standing because the "the Property is not the only store in New York City to showcase its products in display windows or to market its products through a tenant's website," *id.*, misses the point. Range need not show that Fjällräven is the *only* retail store with a website and display windows; rather, Range has sufficiently pleaded that Fjällräven's website and display windows "piqued" his interest in visiting the flagship store in SoHo. FAC ¶ 50. *See Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 137 (S.D.N.Y. 2020) ("In the case of a public accommodation for which other reasonable substitutes may exist, like restaurants and malls, the plaintiff must plead facts that tend to show that the plaintiff will likely frequent the area where the public accommodation is located and is interested in what it has to offer." (quoting *Hirsch v. Campaniello Soho, Inc.*, No. 14-cv-05097 (LGS), 2015 WL 678662, at *3 (S.D.N.Y. Feb. 17, 2015))); *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 403-04 (S.D.N.Y. 2024) (finding intent to return adequately pleaded where "[p]laintiff allege[d] that he was specifically interested in the website's multi-pack offerings of three or five tee shirts" and that his friend had "recommended [d]efendant's website"). Grand Greene also observes that "Range does not explain which items of clothing he is interested in, whether Fjällräven is the only retailer that sells those items, [or] why he prefers shopping at this particular Fjällräven store." Mot. at 7.

Allegations establishing Range's interest in particular items and establishing Fjällräven as the only retailer that sells those items would certainly have buttressed Range's standing, but their absence does not defeat Article III standing given the other facts pleaded. In any event, for all the reasons set forth above, Plaintiff has identified why he prefers shopping at "this particular Fjällräven store": he likes the store's windows, he visits the area frequently, and the company's website foregrounds the SoHo location.

Moreover, contrary to Grand Greene's assertions otherwise, *see id*. at 6, Range's theory of standing is more specific — and far more credible — than the standing claims rejected by the Second Circuit in *Calcano*. In *Calcano*, the four plaintiffs filed hundreds of "carbon-copy complaints," all of which "use[d] identical language to state the same conclusory allegations," resulting in dubious assertions, including, for instance, one plaintiff alleging that he sought to "go back to Banana Republic" — a retail store — "for its food." 36 F.4th at 77. Range's Amended Complaint suffers from no comparable deficiencies, and unlike the plaintiffs in *Calcano*, Range provides specific factual allegations as to his past visits to the Fjällräven premises and the reasoning behind his desire to visit the Fjällräven premises. That Range has previously brought ADA suits against New York City establishments does not render the circumstances here akin to the copy-and-paste lawsuits in *Calcano*. While "[f]iling serial, formulaic complaints may, in practice, sometimes mean the final product does not contain sufficient non-conclusory allegations to survive a motion to dismiss . . . that fact does not entitle Plaintiff to a weaker presumption that the non-conclusory allegations in the FAC are true." *Sookul*, 754 F. Supp. 3d at 402-03 (alteration and omission in original) (quoting *Guerrero v. Ogawa USA, Inc.*, No. 22-cv-02583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023). Unlike *Calcano*, this is not a "carbon-copy complaint[]." 36 F.4th at 77. Range's prior

13

complaints targeted establishments in different industries and sectors; the present complaint includes allegations specific to Fjällräven, including Fjällräven's website and brick-and-mortar store; and many of Range's prior lawsuits proceeded on an entirely different theory of standing (tester standing). *See* Dkt. 26-2 (collecting prior complaints). Moreover, Plaintiff's last filed complaint was in 2023; the vast majority of Plaintiff's filed cases were filed in 2018 or earlier. This broader litigation context therefore does not cast doubt upon the sincerity of Plaintiff's allegations in this case. To the contrary, to the extent that Range has previously brought suits against establishments in SoHo, that only lends credibility to his assertion that he "enjoys" the SoHo neighborhood and visits it several time a year. FAC ¶¶ 55-56. *Cf. Fernandez v. Buffalo Jackson Trading Co.*, No. 24-cv-04878 (JPC), 2025 WL 1101478, at *5 (S.D.N.Y. Apr. 14, 2025) (ordering jurisdictional discovery given that, among other things, plaintiff had "filed dozens of cases seeking relief under the ADA" in the "past twelve months" alone; plaintiff's complaints reflected "cut-and-paste allegations"; and plaintiff provided "inconsistent explanations for why [plaintiff] want[ed] to return to Buffalo Jackson's website in the future.").[2]

---

[2] Grand Greene's other cited authorities are likewise distinguishable. *See, e.g., Martin v. Brooklyn Bagel & Coffee Co.*, No. 24-cv-03758 (ARR) (RML), 2024 WL 4827737, at *5-6 (E.D.N.Y. Nov. 18, 2024) (no standing in digital website case where plaintiff "[did] not allege that he has taken any steps to visit defendant's stores (or that he frequents areas near defendant's stores)" and did not allege "how he became aware of defendant's products," but instead relied on a "naked assertion[] of intent to return"); *Gannon v. Yan Ping Ass'n*, No. 22-cv-01675 (GHW) (JLC), 2023 WL 6292533, at *3 (S.D.N.Y. Sept. 22, 2023) (finding no standing where plaintiff "[did] not explain why he has the desire to return to this particular used clothing store out of the numerous such businesses that exist in Manhattan"). Here, Range has alleged how he became aware of Fjällräven's products, including why he has a desire to return to Fjällräven's premises. And, unlike both *Gannon* and *Martin*, there is no indication here that Plaintiff has filed a copy-and-paste pleading adopting "nearly identical language" to other lawsuits that he has brought in this district. *See Gannon*, 2023 WL 6292533, at *3; *Martin*, 2024 WL 4827737, at *4-5 (observing use of "*identical* language" in plaintiff's complaints asserting ADA violations and noting "generic, copy-paste nature of [plaintiff's] allegations").

For the foregoing reasons, the Court finds that Range has adequately pleaded Article III standing to prosecute his ADA claim.[3]

## CONCLUSION

For the reasons stated above, Grand Greene's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 47.

Dated: April 17, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[3] Having denied Grand Greene's motion to dismiss and for judgment on the pleadings on standing grounds, the Court need not address Plaintiff's argument that the motion should separately be denied because the Notice of Motion erroneously moved to dismiss the initial complaint in this motion, Dkt. 1, as opposed to the operative amended complaint, Dkt. 28. Opp. at 16; *see* Dkt. 47. In any event, Grand Greene's accompanying memorandum of law clearly references the operative amended complaint. Dkt. 48.